UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80093-CR MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

JASEN BUTLER

    Defendant.

_____/

## UNOPPOSED MOTION TO CONTINUE TRIAL

JASEN BUTLER ("Butler"), through undersigned counsel, files this Unopposed Motion to Continue Trial. Butler's application requests a continuance from the current December 1, 2025 trial date until March 2, 2026 (or a commensurate trial date based upon the Court's availability). Butler further states the following:

## BACKGROUND

Butler's June 11, 2025 thirty-five (35) count indictment alleges twenty-seven (27) counts of wire fraud, six (6) counts of forgery, and two (2) counts of money laundering (D.E. 1). The allegations are rooted in conduct between 2022 and 2024 and relate to claims involving government contracts. The charges against Butler include use of forged and altered documents, false statements, and identity concealment. Proceeds from the alleged scheme to defraud are the subject matter of the two money laundering counts. Investigative participation of five federal agencies covering a five-year period of time culminated in Butler's indictment.

Butler self surrendered on June 13, 2025 and appeared at his initial appearance. Butler immediately proceeded with arraignment and was then released on bond. (D.E. 15). Butler has remained on bond without incident.

Judge Rosenberg was originally assigned Butler's case. On July 17, 2025, Judge Rosenberg set an August 11, 2025 trial date (D.E. 27). The parties conferred and then filed a Joint Motion to Continue (D.E. 28). The continuance motion requested a late November, early December, trial date based upon the volume of anticipated discovery and the complexity of the government contract case. Butler's case was reassigned and continued on August 5, 2025, with a new trial date of December 1, 2025 (D.E. 33). As it turns out, for Butler, the requested trial date was unrealistically ambitious.

Between June 27th and August 11th the Government has made three electronic discovery productions totaling well in excess of 115,000 records. Butler has not calculated the number of pages of discovery but is confident that the actual total page count is a multiple of 115,000. While the overall volume of electronic discovery is not prohibitive, the process of reviewing and analyzing the material has proven substantially more time-consuming than initially anticipated. For instance, the discovery includes several massive spreadsheets made up of over one hundred thousand rows and hundreds of columns. Digesting the contents of those spreadsheets as a predicate to understanding the significance of the spreadsheets in Butler's prosecution has been daunting and time consuming. Unfortunately, the documents supporting the spreadsheet entries are not readily accessible. While the Government has assisted Butler locating actual documents referenced in spreadsheets, as well as other discovery materials, Butler, despite concerted efforts, has not completed his discovery review. During Butler's discovery review he has inquired of the Government whether certain materials that Butler considers essential for evaluation, if not use at trial, were acquired during the Government's investigation. Butler anticipates the need to apply for a Rule 17 subpoena to acquire those additional materials.

Butler has retained paralegal and IT support to facilitate reorganization and simplification of the Government's discovery. Based upon the scope and complexity of Butler's prosecution, attorney Brice Zimet has been added to Butler's trial team, having filed his Notice of Appearance on August 5, 2025 (D.E. 32). Attorneys Weiss and Zimet will be Butler's trial attorneys.

## BASIS FOR REQUESTED CONTINUANCE

Butler understands the importance for parties scheduled for trial to notify the Court, at the earliest time possible, when issues impacting trial dates arise. That importance is particularly critical for cases assigned to judges who maintain senior status. Butler's unopposed request for continuance is not submitted to gain an unfair advantage, or for the purpose of unnecessary delay.

Butler recognizes that he will not be prepared for the December1, 2025 trial date based upon the complexity of the case, the massive quantity of discovery, and the additional preparation essential for trial including factual and legal identification and securing of witnesses and evidence. In addition to the discovery issues discussed above, Butler's case also involves legal issues relating to government contracts and interpretation that will likely require pretrial motions and the need to retain expert witnesses.

The Government informed Buter's counsel on October 10, 2025, that the Government had not yet completed its discovery production and anticipated a continuation of rolling discovery up until the December 1, 2025 trial date. Included in the anticipated new discovery is a search warrant and search warrant returns involving Butler's email account. The Government also alluded in the October 10th conference with Butler's counsel that the Government anticipated producing additional discovery relating to an ongoing Government investigation. While Butler had previously been unaware of a continuing Government investigation, Butler has reason to believe

that materials relating to such an investigation, while not involving Butler, would potentially generate Brady material.

Attorney Zimet commenced trial on September 17th in the case of United States vs. Boyd, Case No. 24Cr20255 Dimitrouleas. The Boyd case was scheduled to take no longer than three trial weeks. However, due to a combination of juror availability issues and court holidays, the Boyd trial is now not anticipated to conclude until the last week of October or the first week of November. Zimet's limited availability has hindered trial preparation. Both attorney Weiss and Zimet have no conflicts or scheduled matters that would impede the requested continued trial date.

The Government, through Department of Justice Trial Attorney Jonathan Pomeranz, informed Butler's counsel on October 10th that the Government did not oppose Butler's Motion to Continue Trial. Attorney Pomeranz asked that the following be presented in Butler's motion. "The United States is prepared to try this matter in December 2025, as scheduled.  That said, The United States does not oppose a continuance until March 2026, considering the defendant's request in the instant action."

## REQUESTED TRIAL DATE

Butler does not oppose the March 2026 trial date presented by the Government. Monday March 2, 2026 is the first Monday in March and would appear to work with the schedules of the parties.

## SPEEDY TRIAL ISSUES

All time between the granting of this Unopposed Motion to Continue and the new trial date constitutes excludable time under the Speedy Trial Act. The complexity of Butler's case, including the large volume of discovery, the amount of time needed for preparation, and significant legal

issues relating to government contract interpretation support the requested continuance. Should the Court request, Butler is prepared to sign a Speedy Trial waiver.

## CONCLUSION

All parties recognize Butler's need for additional time to prepare for trial. Unfortunately, Butler underestimated the volume and complexity of discovery and the amount of time necessary to properly review discovery and otherwise prepare for trial. Butler has not been dilatory in his efforts and his counsel have attempted to be prepared for the December 1st trial date. Those efforts have proven unsuccessful.

WHEREFORE, Jasen Butler requests that this UnopposedMotion to Continue Trial be granted and Butler's trial be rescheduled until March 2, 2026, or a commensurate date with the Court's schedule.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Unopposed Motion to Continue Trial Date was furnished to Assistant United States Attorney Jonathan Pomeranz, Esq., (jonathan.pomeranz@usdoj.gov) via the CM/ECF this 13th day of October, 2025.

| | |
|---|---|
| **GOLDBERGER WEISS, P.A.**<br>1555 Palm Beach Lakes Boulevard<br>Suite 1400<br>West Palm Beach, Florida 33401<br>Tel: (561) 659-8300<br>Fax: (561) 284-8938<br>Email: jason@goldbergerweiss.com<br><br>/s/JASON S. WEISS, ESQ.<br>Florida Bar No. 0096040<br>Attorney for the Defendant | **BRUCE A. ZIMET, P.A.**<br>1555 Palm Beach Lakes Boulevard<br>Suite 1400<br>West Palm Beach, Florida 33401<br>Tel: (561) 508-7741<br>Fax: (954) 760-4421<br>Email: BAZ@BruceAZimetLaw.com<br><br>/s/ BRUCE A. ZIMET, ESQ.<br>Florida Bar No. 0225053<br>Attorney for the Defendant |