UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80093-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

JASEN BUTLER

        **Defendant.**
_____/

## GOVERNMENT'S MOTION TO COMPEL DEFENSE DISCOVERY BY NOVEMBER 10, 2025

The Government moves to compel Defendant Jasen Butler to produce reciprocal discovery to the Government as required under the Federal Rules of Criminal Procedure. To date, Butler has only produced to Government a handful of carefully selected e-mails and invoices out of the extensive discovery in his possession. It is Butler's position that he does not have any defense discovery to produce to the Government "at this moment" and that he cannot commit to complying with expert disclosures 21 days before trial. Butler through counsel has offered the Government his view of the case. This informs the Government's belief that Butler clearly possesses discovery relevant to his defense case-in-chief that has not been produced. With a December 1, 2025 trial date, and the Government providing ample discovery to comply with its obligations and continuing to do so, it is vital for the Court to order Butler's immediate compliance with the Rules and to **set a deadline to produce reciprocal discovery, including expert discovery, by November 10, 2025**. Further, the Local Rules require the production of expert discovery 21 days in advance of trial – that day is also November 10, 2025. **Butler should also be ordered to comply with the expert disclosures laid out in the Local Rules by November 10, 2025**. Should Butler fail to comply with the November 10, 2025 deadline, his discovery should be

excluded.

I.     BACKGROUND

This case arises out of Butler's calculated plan to defraud the Navy and Coast Guard on fuel contracts, which allowed Butler to personally profit over $5 million in about an eighteen-month period.

Butler's scheme worked as follows: Butler owned and operated a Palm Beach County fuel business, Independent Marine Oil Services, LLC ("IMOS"), that supplied fuel to United States military vessels with the Navy and Coast Guard. The itineraries of United States military vessels often change and result in cancellation of the fuel order. When a fuel order is cancelled or changed, fuel contractors like Butler are entitled to reimbursement for the costs incurred because of the change. Butler, however, lied to the United States military by claiming he had already paid for the fuel before cancellation in emails and by submitting altered fuel invoices. Specifically, Butler submitted false invoices for reimbursement to the Defense Logistics Agency Energy ("DLA"), an agency that contracts on behalf of the Department of Defense, the United States Navy, and the United States Coast Guard. Butler submitted the documents by email or via an online system used by DLA to manage and award fuel contracts known as SEA Card.

By July or August 2023, Butler knew that he was under scrutiny by the military for the unusual cancellation fees he claimed to have incurred. To continue the fraud, he reached out to a friend a who ran a Service-Disabled Veteran Owned Small Business in Boynton Beach, Florida that specializes in disaster cleanup. Butler suggested that he could help this friend expand his business into fuel supply. Butler convinced his friend that he needed a company email account and created a fake name for himself, "Adam Ogden," that he used to bid on military fuel contracts

2

just as he did with IMOS. Unbeknownst to his friend, Butler continued to operate his scheme within this disaster clean up business by lying to the military about the expenses he had incurred.

Butler did not use the money to buy fuel for Coast Guard and Navy vessels or pay his suppliers cancellation costs, as he claimed to have done. Instead, Butler bought expensive homes. On October 30, 2023, and February 2, 2024, Butler closed on houses in Florida and Colorado, respectively, paying the full price of the homes in cash (approximately 1.2 million and 2 million, respectively). Each of these payments made use of the money Butler made off his fraudulent scheme.

Accordingly, the June 11, 2025 indictment alleges three different crimes. Counts 1-27 charge Butler with wire fraud, in violation of 18 U.S.C. § 1343. Counts 28-33 charge Butler with forgery to obtain money from the United States, in violation of 18 U.S.C. § 495. Counts 34 and 35 charge Butler with money laundering, in violation of 18 U.S.C. § 1957.

## II.  DISCOVERY TO DATE

*Pre-Indictment*

Butler became aware of the federal investigation in early 2024, before the June 2025 indictment. Butler has made clear through counsel that he possesses relevant emails, text messages, and invoices. Butler's defense team has taken the position that Butler's conduct does not amount to wire fraud because the military was obligated to pay him the full amount of his contract bid regardless of whether he bought the fuel for vessels. Butler, through counsel, provided a smattering of his own emails from his IMOS account and invoices he submitted for fuel contracts with the military in December 2024. The Government, for its part, has provided Butler personally and his lawyers its view of the evidence – including showing them some of the

3

Government's "hot docs" in the form of a reverse proffer also conducted in December 2024. Meaning, prior to the indictment, the contours of the parties' positions were known.

*Post-Indictment*

Fourteen days after arraignment, the Government produced the bulk of the discovery including bank records, Butler's IMOS emails[1] obtained via a search warrant, various witness interview reports, SEA card records with the fuel bid and contract documents, and IP address information. Since that production, the Government has made other rolling productions and will continue to do so if needed until trial.

### III. THE DEFENDANT SHOULD BE ORDERED TO PRODUCE DEFENSE DISCOVERY, INCLUDING EXPERT DISCOVERY, BY NOVEMBER 10, 2024

Butler is required to produce reciprocal discovery under Fed. R. Crim. P. 16(b)(1)(A) ("If a defendant requests disclosure [of discovery from the Government and it complies], then the defendant must permit the Government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places . . . if the item is within the defendant's possession, custody, or control; and the defendant intends to use the item in the defendant's case-in-chief at trial."). *See also* S.D. Fla. L.R. 88.10(b) (same, making the reciprocal discovery obligation triggered by entry of this Court's Standing Discovery Order). The rules do not allow a defendant to withhold reciprocal discovery until the eve of trial or to set its own

---

[1] As the Government told the defense, due to a technological error, certain emails from Butler's IMOS email warrant were not processed and therefore not reviewed by the Government or initially produced to the defense fourteen days after arraignment. Even though Butler has access to his IMOS email, as evidenced by the fact he produced emails from it to the Government pre-indictment as evidence of his compliance with military contracting rules, the Government is still processing the emails and producing them to Butler. The Government does not plan to use the emails that were not initially produced in the first discovery production at the December 1, 2025 trial.

4

timetable.  On the contrary, a defendant must produce required discovery as it becomes available. *See* S.D. Fla. L.R. 88.10(o)(2) (discovery obligations begin within 14 days and always remain ongoing). There is no exception to this requirement for defense discovery.

The Government has reason to believe that Butler will seek to use or introduce evidence at trial.  Yet, he has only provided a handful of cultivated documents to the Government pre-indictment.  Butler's paltry discovery is incompatible with his anticipated defense and inconsistent with his access to his various emails, bank records, texts, and invoices.  The Government is entitled to discovery without further delay, so that it may investigate the Butler's evidence, identify any relevant witnesses, and file any pre-trial motions *in limine* to exclude that evidence.  The Court should therefore order Butler to produce to the Government by November 10, 2025 all items covered within the scope of Rule 16(b)(1)(A) that Butler will use to support his case at trial.  The defendant's continued failure to comply with his discovery obligations will necessarily result in the Government's motion to exclude the withheld evidence from trial as an appropriate sanction. *See United States v. Prather*, 205 F.3d 1265, 1271-72 (11th Cir. 2000) (affirming convictions of defendants where Court excluded evidence for failure to comply to Rule 16 reciprocal discovery obligations).

The Government expects Butler to call an expert witness in at trial.  Indeed, Butler's counsel's asserted that they will likely do so and demanded a reciprocal expert exchange under Rule 16.  Based on discussions with defense counsel, the Government anticipates that Butler may call an expert on the topic of federal contracting regulations.  Yet, Butler has failed to comply with his expert disclosure requirements under Rule 16(b)(1)(C).[2]  Counsel for Butler recently

---

[2] With respect to the expert discovery rules, in particular, Local Rule 88.10(o)(3) lays out a time frame for expert

5

stated that they cannot commit to complying with the expert disclosure rules 21 days in advance of trial. The Government respectfully requests that the Court exclude Butler's experts from testifying at trial should he fail to comply with Rule 16(b)(1)(C) by November 10, 2025.

### IV. THE DEFENDANT IS REQUIRED TO PRODUCE ALL ITEMS HE WILL USE TO SUPPORT HIS CASE TO THE GOVERNMENT

Although the Government's primary concern is documents and materials not in its possession, Butler must produce all items supporting his case, even if the Government may possess them already or provided them previously in its discovery. *See, e.g.*, *United States v. Crinel*, 2016 WL 5779778, *2 (E.D. la. Oct. 4, 2016) ("a defendant is required to produce all required materials, including those already in the government's possession"); *United States v. Holden*, 2015 WL 1514569, at *6 (D. Or. March 19, 2015); *United States v. Hsia*, 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000). While it may be enough, if Butler's discovery includes documents the Government produced to him, for Butler simply to direct the Government back to specific bates-numbers, it is not an excuse for non-compliance to say that the Government already possesses his discovery. We are confident that Butler will, for example, try to admit certain documents the Government previously produced relating to other vendors under Government investigation. It will likely be the Government's position that at least some of these documents are inadmissible. Requiring Butler to comply with the discovery rules will give the parties ample time to address the admissibility of such defense exhibits and hopefully resolve any disputes before the jury is empaneled.

Moreover, Rule 16(b)(1)(A) applies to all items that the defense will use to support its case,

---

discovery exchanges that avoids surprises on the expert front.

not merely the items the defense will introduce after the government rests. As stated in Rule 16(b)(1)(A), the phrase "defendant's case-in-chief at trial" applies to evidence that a defendant intends to present during and after the Government's case-in-chief (although Rule 16(b)(1)) does not require a defendant to disclose evidence that defendant intends to use only for purposes of impeachment). *See, e.g., United States v. Napout,* 2017 WL 6375729, at *5 (E.DN.Y. 2017) ("Rule 16 requires Defendants to identify all non-impeachment exhibits they intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by a Defendant. … [W]here a defendant cross-examines a government witness to buttress[ ] her theory of the case, rather than to impeach the testimony given by the witness on direct examination, [t]he cross-examination ... is properly seen as part of the defendant's case-in-chief[.] This interpretation of Rule 16 has been adopted by almost every district court to consider the issue) (citation and quotation marks omitted); *accord, United States v. Aiyaswamy,* 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017); *Crinel*, 2016 WL 5779778, at *3; *United States v. Larkin*, 2015 WL 4415506 (D. Nev. July 20, 2015); *Holden*, 2015 WL 1514569, at *6 (D. Or. Mar. 19, 2015); *United States v. Swenson*, 298 F.R.D. 474, 477 (D. Idaho 2014)*; Hsia*, 2000 WL 195067 at *2.

Rule 16's purpose "is to avoid surprise and gamesmanship." *Hsia*, 2000 WL 195067 at *1. To satisfy that worthy purpose, the Government respectfully requests this Court enter an order requiring Butler's immediate compliance with Rule 16(b)(1)(A) and that he produce all discovery by November 10, 2025, including items previously produced by the Government and non-impeachment materials that Butler may use during cross-examination of Government witnesses.

The Government first demanded reciprocal discovery in its response to the Standing Discovery Order, filed on June 27, 2025 (DE 21), including in a cover letter demanding: "a written

7

summary" of testimony under FRE 702, 703, and 704; and the opportunity to inspect evidence in the defendant's possession that he intended to rely on in trial. The Government again reached out to the defense on October 17, 2025, asking for defense discovery and the defense stated they did not have defense discovery "at the moment." Accordingly, the Government sought multiple opportunities to receive the discovery without filing the instant motion. Setting a hard deadline for defense discovery, including expert discovery, will make sure the trial proceeds on time in an orderly fashion.

## V.    CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court order Butler to produce all reciprocal discovery by November 10, 2025, including expert discovery. The requested relief will ensure the efficient use of this Court's resources and avoid unnecessary delays.

Date: October 27, 2025               Respectfully submitted,

                                     JASON A. REDING QUIOÑES
                                     UNITED STATES ATTORNEY


                           By:   /s/    Elizabeth Young
                                     ELIZABETH YOUNG
                                     Assistant United States Attorney
                                     Court ID No. A5501858
                                     Elizabeth.Young@usdoj.gov
                                     United States Attorney's Office
                                     99 Northeast 4th Street
                                     Miami, Florida 33132-2111
                                     Tel: (786) 761-3153

By:  /s/ *Jonathan Pomeranz*
JONATHAN POMERANZ
United States Department of Justice
Antitrust Division
450 5th St. NW
Washington, D.C. 20530
S.D. Fla. Special Bar #A5503242
(202) 316-2179
jonathan.pomeranz@usdoj.gov

**CERTIFICATE OF SERVICE AND CONFERRAL**

The Government filed the foregoing document with the Clerk of the Court using CM/ECF on October 27, 2025.  The Government presented the topics in this motion to defense counsel, and e-mails have been exchanged among the parties, but the parties were unable to reach agreement by the time of filing this motion.

/s/ *Elizabeth Young*
Assistant United States Attorney