UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80093-CR MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

JASEN BUTLER

    Defendant.

_____/

### REPSPONSE TO GOVERNMENT'S MOTION TO COMPEL DEFENSE DISCOVERY BY NOVEMEBER 10, 2025

Jasen Butler ("Butler") through undersigned counsel files this Response to the Government's Motion to Compel Defense Discovery by November 10, 2025 ("Motion to Compel").

### BACKGROUND

The Government filed its Motion to Compel on October 27, 2025 (D.E. 40). The Court ordered that Butler respond to the Government's Motion to Compel by November 4, 2025 (D.E 41). Butler's Response follows.

Butler rejects the tenor of the Motion to Compel that suggests Butler's indifference to discovery obligations. Contrary to the Government's suggestion, Butler has not concocted a scheme to delay discovery production until the eve of trial. The members of the Government team who are familiar with the complexities of the Government's discovery productions have recognized the volume and complexities confronting Butler's counsel in reviewing the Government's discovery by not opposing Butler's Motion to Continue Trial.

Butler has engaged in the painstaking and time-consuming task of actually inspecting the over 125,000 documents (involving significantly more pages) produced in discovery, often enlisting the Government to assist in the location of documents from the maze that constituted the Government's discovery production. The Government has failed to identify which documents, from the 125,000 documents produced in discovery, the Government intends to use at trial. Butler, has been resigned to a "needle in haystack" process to identify potential Government exhibits.

Not only has the Government not identified the exhibits they will utilize in their case-in-chief, the Government has not completed its initial discovery obligations. The Government has promised, but not yet produced, approximately 23,000 Butler emails that were secured based upon a search warrant issued to Butler's email carrier. The fact that the Government has represented that they would not seek introduction of any of the 23,000 emails does not release the Government's obligation to produce the emails that potentially include statements of Butler, as well as representations made to Butler that are relevant to Butler's state of mind, intent and good faith. Additionally, the Government has refused to produce the affidavit submitted to secure a search warrant for emails from a separate Butler account.

It is ironic, if not disconcerting, that the Government has applied for a Motion to Compel based upon Local Rule 88.10. That Rule clearly states that a Defendant's discovery obligation commences "after the government complies with Fed.R.Crim.P.16(a)(1)(E)" Local Rule 88.10(b)(1). Butler references the Local Rule to provide the Court with an understanding that Butler first sought to determine the scope and inclusiveness of the Government's discovery before attempting to locate discovery to be produced by Butler. Despite the Government not complying with its discovery obligations, Butler commenced his discovery compliance.

Butler provided the Government with Butler's initial discovery production on November 3, 2025, consisting of 319 pages of materials. Butler has retained an expert witness to provide testimony as part of Butler's defense. Despite representing that it would be willing to exchange summaries of expert witness anticipated testimony, the Government informed Butler on October 31, 2025 that it would not be offering any expert witness testimony. On November 3, 2025 Butler provided the Government with a summary of anticipated Butler expert witness testimony in conformity with Local Rule 88.10.

## THERE IS NO BASIS TO ISSUE AN ORDER TO COMPEL

Butler, despite the Government's failure to complete its discovery obligations, has, and continues to earnestly fulfill all discovery obligations. Butler anticipates being able to produce additional discovery in Butler's possession, including final expert witness reports and materials, by November 18, 2025. Butler will be filing applications with the Court for Rule 17 subpoena with requested returns no later than November 18, 2025. Any subpoena returns will immediately be produced to the Government.

The Government's Motion to Compel Discovery seeks Butler's production and identification of documents that Butler will be using at any point during trial. Much of the documents that Butler anticipates using at trial will be sourced from the Government's 125,000 documents the Government produced in discovery. While the Government has failed to identify which (or any) of the 125,000 discovery documents it intends to use at trial, it seeks to compel Butler to identify which of the Government's 125,000 documents Butler will seek to use at trial. The Government's position is nonsensical. Butler's use of any of the Government's own discovery documents will not be the basis of either surprise or prejudice to the Government.

The Government does cite to several district court decisions in which the term "case-in-chief" is expanded to justify a requirement of defendant's discovery disclosure of documents to be used by a defendant at any point in a trial other than for impeachment. This district has never adopted the judicial expansion of "case-in-chief." More specifically, this district's local rules offer absolutely no support that "case-in-chief" should be expanded beyond its traditional meaning.

The Government's Motion to Compel in reality is an attempt to compel Butler to provide an exhibit list (with exhibits) prior to trial, without a mutual obligation on the Government. Butler has no objection for the Court to issue an order requiring the Government to produce an exhibit list no later than November 17th, with Butler producing the same no later than November 24th.

## **CONCLUSION**

Butler continues to doubt that he will be adequately prepared for trial on the December 1, 2025 trial date. However, Butler has continued his good faith effort to continue trial preparations, including his discovery obligations. With Attorney Zimet's six-week jury trial concluding on October 29, 2025, Butler's preparations have intensified. The Government's Motion to Compel, that includes a November 10, 2025 discovery deadline, is not only unnecessary, it is an attempt to gain an unfair advantage. As set forth in this Response, Butler is complying with his discovery obligations and will be in full compliance prior to the trial date. The Government has not, and cannot, identify any prejudice that will result from the schedule Butler has presented in this Response. The Government's attempt to expand this Court's reciprocal discovery requirements to include identification of any document, including documents produced by the government in discovery, should be rejected.

Butler respectfully requests that the Motion to Compel Discovery be denied and that the Court, if necessary, set forth dates for a Government Exhibit List to be followed by Butler's Exhibit

List. Butler is committed to satisfying the dates identified in this Response for discovery and final expert witness disclosure without the necessity of an order to compel.

Dated: November 4, 2025

| | |
|---|---|
| **GOLDBERGER WEISS, P.A.**<br>1555 Palm Beach Lakes Boulevard<br>Suite 1400<br>West Palm Beach, Florida 33401<br>Tel: (561) 659-8300<br>Fax: (561) 284-8938<br>Email: jason@goldbergerweiss.com<br><br>/s/JASON S. WEISS, ESQ.<br>Florida Bar No. 0096040<br>Attorney for the Defendant | **BRUCE A. ZIMET, P.A.**<br>1555 Palm Beach Lakes Boulevard<br>Suite 1400<br>West Palm Beach, Florida 33401<br>Tel: (561) 508-7741<br>Fax: (954) 760-4421<br>Email: BAZ@BruceAZimetLaw.com<br><br>/s/ BRUCE A. ZIMET, ESQ.<br>Florida Bar No. 0225053<br>Attorney for the Defendant |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 4, 2025, undersigned electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system. Undersigned certifies that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| **GOLDBERGER WEISS, P.A.** | **BRUCE A. ZIMET, P.A.** |
| 1555 Palm Beach Lakes Boulevard | 1555 Palm Beach Lakes Boulevard |
| Suite 1400 | Suite 1400 |
| West Palm Beach, Florida 33401 | West Palm Beach, Florida 33401 |
| Tel: (561) 659-8300 | Tel: (561) 508-7741 |
| Fax: (561) 284-8938 | Fax: (954) 760-4421 |
| Email: jason@goldbergerweiss.com | Email: BAZ@BruceAZimetLaw.com |
| | |
| /s/JASON S. WEISS, ESQ. | /s/ BRUCE A. ZIMET, ESQ. |
| Florida Bar No. 0096040 | Florida Bar No. 0225053 |
| Attorney for the Defendant | Attorney for the Defendant |