UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80093-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

JASEN BUTLER

              **Defendant.**
_____/

### UNITED STATES' MOTION IN LIMINE TO PRECLUDE DEFENSES BASED ON THE FEDERAL ACQUISTION REGULATION

The United States moves *in limine* to preclude evidence, argument, or questioning suggesting that federal contracting regulations authorized or excused Defendant's fraudulent conduct. Based on a pre-Indictment defense proffer and recent disclosures made by the Defense, the United States anticipates that, at trial, Defendant will attempt to introduce provisions from the Federal Acquisition Regulation (FAR), 48 C.F.R §§ 1-9905—a regulatory framework governing federal procurements—to argue that he had a contractual right to the proceeds of his fraud. But in this fraud case, the FAR is irrelevant to the narrow fact question of whether Defendant intentionally made material misrepresentations to the Navy and Coast Guard to obtain money for expenses that he did not actually incur. Nor does the law recognize contractual terms as a defense to wire fraud. Because Defendant's proffered theory fails as a matter of fact and law, this Court should preclude him from advancing it at trial. Moreover, allowing Defendant to introduce evidence and argument about the FAR would only confuse issues, mislead the jury, and needlessly prolong the trial. For reasons that follow, this Court should grant the motion and preclude Defendant from raising a defense based on the FAR at trial.

1

## BACKGROUND

On June 11, 2025, a grand jury charged Defendant Jasen Butler with wire fraud, forgery, and money laundering in a 35-count Indictment. ECF 1. As alleged in the Indictment, from approximately August 2022 through January 2024, Butler defrauded the United States military by overcharging the Coast Guard and Navy for expenses called "ancillary fees" associated with fuel order changes and cancellations. Ancillary fees are pass-along fees: the military reimburses fuel contractors like Butler for fees incurred while preparing to supply fuel, provided that the contractors can prove, with documentation from their suppliers, that expenses were actually incurred. As relevant here, Defendant repeatedly lied to the military by submitting falsified invoices showing he paid suppliers fees that he did not in fact incur.

Defendant's scheme was simple. When Defendant identified a fuel order that he believed the military was likely to cancel, he intentionally underbid the cost of the fuel to win the order. And when the cancelations occurred, he substantially inflated the ancillary fees he claimed to have incurred, in several instances by more than $500,000. To support his false claims, Defendant created and sent at least twenty-six falsified invoices to the military, relating to at least twenty-four separate fuel orders. Defendant also sent at least one false invoice that inflated the cost he had paid for fuel up front. During the approximately 18-month period charged in the Indictment, Defendant sent falsified invoices to the military that inflated his expenses by more than $5 million.

Prior to Indictment, Defendant, through counsel, proffered a defense of his conduct. Citing certain FAR provisions, Defendant claimed that the military was *required* to pay the full cost of the fuel contracts and that his conduct after entering the contracts did not matter. Specifically, according to FAR 16.301-303, contracts for commercial goods such as marine fuel must be "firm fixed-price." In such contracts, the contractor agrees to supply the goods at a price agreed upon

2

up-front and bears the risk of any increase in the price between contracting and delivery. *See* FAR 16.201-1. According to Defendant, if the military agrees to pay a fixed price when the fuel is delivered, the military is on the hook for the same if, at the military's request, the fuel is *not* delivered.

In other words, Defendant contends that the FAR terms attached to initial contracts permitted him to later commit fraud while seeking payment, including by submitting falsified invoices for expenses the Defendant never incurred. Defendant's proffered "defense" is factually and legally meritless.

## ARGUMENT

The Court should preclude Defendant from introducing evidence or argument about FAR terms governing payment for to-be-delivered fuel under Federal Rule of Evidence 402 because it is irrelevant: the question for the jury is whether Defendant intended to commit *fraud* by repeatedly falsifying invoices and lying about his expenses to obtain money from the military. The Court should also preclude such evidence and argument under Rule 403, because injecting the FAR will (1) confuse the issues, recasting this criminal fraud case as some sort of civil contract dispute; (2) mislead the jury into believing the FAR is relevant to Defendant's intent and conduct, when it is not; and (3) needlessly prolong the trial by requiring the Government to present evidence demonstrating that Defendant's interpretation of the FAR is wrong.

**A. Evidence and argument about the FAR is irrelevant in this wire fraud prosecution.**

It is no defense to fraud that a defendant believes he has a claim of right to the proceeds of his scheme. The question in a fraud case is whether the defendant intentionally participated in a scheme to defraud, which requires "proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property." *United*

*States v. Estepa*, 998 F.3d 898, 908 (11th Cir. 2021). Thus, a defendant commits wire fraud when he schemes "to 'obtain' the victim's 'money or property,' regardless of whether he seeks to leave the victim economically worse off." *Kousisis v. United States*, 145 S. Ct. 1382, 1392 (2025) (quoting 18 U.S.C. § 1343). In *Kousisis v. United States*, the Supreme Court rejected the notion that pecuniary loss is an element of fraud, and held that "a fraud is complete when the defendant has induced the deprivation of money or property under materially false pretenses." 145 S. Ct. at 1394 n.5.

Given the focus of the wire fraud statute, courts have excluded defenses that improperly seek to divert the focus from a defendant's criminal conduct to an asserted belief that he was entitled to the money. In *United States v. Guldi*, for example, a defendant claimed he lied only to get money that he believed was rightfully his. 141 F. 4th 435 (2d Cir. 2025). The Second Circuit rejected that defense, noting that "courts have uniformly held that a claim-of-right is not a defense" to fraud, and holding a defendant commits fraud "even if [a defendant] believed that the money rightfully belonged to him," so long as "he knew [the victim] only gave it back to him because they believed a lie." *Id.* at 445. The Second Circuit highlighted the absurd results that would follow if courts were to license defense theories regarding a claim of right: if a defendant's "theory of self-help were the law, anyone who believed that he was legally entitled to benefits . . . , but who was concerned that he or she might nevertheless be denied such benefits, would be given carte blanche simply to lie to obtain those benefits." *Id.* at 449 (quoting *United States v. Gole*, 158 F.3d 166, 168 (2d Cir. 1998)). The court added that the law does not "encourage people to lie to obtain benefits rather than pursue their rights in civil actions" and that "[s]uch controversies may be resolved by civil suit or settlement, but cannot be won by using lies and deception." *Id.* (quoting *Gole*, 158 F.3d at 168); *see also United States v. Merrill*, 685 F.3d 1001, 1011–12 (11th Cir. 2012)

4

(quoting *United States v. Bradley*, 644 F.3d 1213, 1238 (11th Cir. 2011)) (explaining that argument over whether FAR contract provision permitted the defendant to engage in sale of mislabeled supplies to the United States was irrelevant in a wire fraud trial, because "the government needed to prove only 'a material misrepresentation or the omission or concealment of a material fact calculated to deceive another out of money or property'"); *United States v. Martin*, 798 F.2d 308, 311 (8th Cir. 1986) (affirming the trial court's exclusion of exhibits offered to show the fraudulent conduct was "a good faith and legitimate debt collection attempt" because such evidence was "misleading and divert[ed] attention from the crimes for which [the defendants] were charged").[1]

Here, the Defendant did cause monetary harm—he submitted false invoices to get money from the military. Nothing in the FAR changes that. The Court should reject Defendant's efforts to sow confusion here and preclude him from raising any argument concerning the FAR.

**B. Evidence and argument about the FAR should also be precluded under Rule 403.**

Evidence should be excluded when "its probative value is substantially outweighed by a danger of one or more of the following: . . . confusing the issues, misleading the jury . . . [or] wasting time." Fed. R. Evid. 403.

Seeking to inject evidence concerning the FAR into this criminal fraud case—which centers on Defendant's falsification of invoices to obtain money from the military for expenses he knew

---

[1] Defendant may try to conflate improper claim-of-right arguments with recognized good faith defenses. "Good faith" is a defense to fraud when a defendant claims to have genuinely believed the allegedly false statement—but not, as here, when he knowingly submitted false statements under a (wrong) belief he was otherwise entitled to the money or property obtained. *See, e.g.*, *United States v. Ubieta*, 630 Fed. Appx. 964, 979 (11th Cir. 2015) (explaining that the good faith defense generally does not apply if "Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent"); *United States v. Preston*, 634 F.2d 1285, 1294 (10th Cir. 1980) ("Good faith is employed to mean a genuine belief that *the information being sent or given* is true."); *see also United States v. Habel*, 613 F.2d 1321, 1328 (5th Cir. 1980) (explaining that good faith is not a defense to "false or reckless representations or promises").

5

he did not actually incur—will only sow confusion and mislead the jury. In *United States v. Luis Alberto Soto*, for example, this Court excluded the testimony of a defense expert concerning customs laws in a wire fraud case involving defendants who lied about shipping medical devices overseas to the U.S. Army in Afghanistan. Case No. 18-CR-20668-DMM, ECF No. 397 (Trial Transcript), at 249–256 (S.D. Fla. Aug. 22, 2019). The Court held that the defendant was "charged with participating in a fraud scheme, not violating any specific import law or regulation" and therefore excluded the proposed testimony because of its "tendency to confuse the jury." *Id*. at 251.[2]

The Court should adopt the same reasoning here. This is not a civil contract or regulatory dispute—Defendant is charged with criminal wire fraud, forgery, and money laundering offenses. The question for the jury is not what the contracts' payment terms were, but rather if Defendant knowingly and intentionally falsified documents while executing a scheme to defraud the Navy and Coast Guard. Precluding Defendant from introducing evidence and argument about the FAR, therefore, will keep the jury squarely focused on the issues before it.

What's more, allowing Defendant to introduce the FAR provisions would require the government to respond with evidence that the FAR did not, as he mistakenly claims, require that he be paid in full. Relevant here, Defendant's claim that a firm fixed-price contract prevented the military from cancelling at any price other than the full contract price is not the law. *See* FAR 13.302 & 12.403(d)(1) (establishing that for contracts for goods, when the government cancels,

---

[2] This Court also found that "testimony regarding what actions the [victim] could have or should have taken improperly seeks to shift the blame from [the defendant] onto [the] victims of the fraud scheme" and should be excluded on that basis as well. *Luis Alberto Soto*, 18-CR-20668-DMM, ECF No. 397 at 252-53 (citing *United States v. Svete*, 556 F.3d 1157, 1665 (11th Cir. 2009)). Should the defense be allowed to admit evidence and argue that the military ran afoul of FAR provisions by only paying the Defendant for fuel costs he actually incurred on a cancellation, it would amount to prohibited victim blaming as well.

contractors are only entitled to recoup losses and be paid for work already done). The net effect of this competing evidence would not only further confuse the issues but also unduly delay the trial.

The Court should prevent these issues from arising by excluding the evidence under Rule 403 as well.

## CONCLUSION

The United States respectfully requests that the Court grant the motion and preclude Defendant from advancing a defense theory based on the FAR.

Date: November 4, 2025                             Respectfully submitted,

                                                   JASON A. REDING QUIOÑES
                                                   UNITED STATES ATTORNEY


                                       By:        /s/ Elizabeth Young
                                                   ELIZABETH YOUNG
                                                   Assistant United States Attorney
                                                   Court ID No. A5501858
                                                   Elizabeth.Young@usdoj.gov
                                                   United States Attorney's Office
                                                   99 Northeast 4th Street
                                                   Miami, Florida 33132-2111
                                                   Tel: (786) 761-3153

                                                   ABIGAIL SLATER
                                                   ASSISTANT ATTORNEY GENERAL
                                                   ANTITRUST DIVISION

                                       By:        /s/ Jonathan Pomeranz
                                                   Jonathan Pomeranz
                                                   Haley Pennington
                                                   Trial Attorneys
                                                   U.S. Department of Justice
                                                   Antitrust Division
                                                   450 5th Street NW
                                                   Washington, D.C. 20530
                                                   S.D. Fla. Special Bar #A5503242
                                                   (202) 316-2179
                                                   jonathan.pomeranz@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing document with the Clerk of the Court and served all counsel of record using CM/ECF on November 4, 2025.

<u>/s/ Jonathan Pomeranz</u>

Jonathan Pomeranz