UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80093-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

JASEN BUTLER

             **Defendant.**

_____/

## UNITED STATES' MOTION TO PRECLUDE LEGALLY PROHIBITED AND FACTUALLY BASELESS DEFENSES

Defendant Jasen Butler is charged with wire fraud, forgery, and money laundering for submitting fraudulent invoices to the United States Navy and Coast Guard to obtain reimbursements for expenses he never incurred under certain fuel supply contracts. At trial, Defendant may attempt to justify his conduct or shift the blame to victims by suggesting that government officials could have prevented or avoided his fraud. The United States moves *in limine* to preclude any such evidence, argument, or questioning because it is irrelevant, prejudicial, and invites jury nullification.

*First*, in this Circuit, a justification defense applies only in the rare circumstance where a defendant was forced by threat of bodily harm to commit the offense and had no reasonable legal alternative. The facts here do not come close to establishing such circumstances.

*Second*, any claim that the victims failed to follow internal procedures or were negligent in managing their fuel contracts is irrelevant to the elements of wire fraud and constitutes improper victim blaming. The government's internal controls do not bear on whether Defendant knowingly participated in a scheme to obtain money through material misrepresentations to the government.

1

*Third*, both theories risk confusing the issues and encouraging jury nullification by inviting jurors to disregard the law and excuse fraud based on sympathy or frustration with the victims. Accordingly, the Court should grant this motion and preclude any evidence or argument suggesting justification or victim fault.[1]

## BACKGROUND

On June 11, 2025, a grand jury charged Defendant Jasen Butler with wire fraud, forgery, and money laundering in a 35-count Indictment. ECF 1. As alleged in the Indictment, from approximately August 2022 through January 2024, Butler defrauded the United States military by overcharging the Coast Guard and Navy for expenses called "ancillary fees" associated with fuel order changes and cancellations. Ancillary fees are pass-along fees: the military reimburses fuel contractors like Butler for fees that they incur while preparing to supply fuel, provided that the contractors can prove, with documentation from their suppliers, that expenses were incurred. As alleged in the Indictment, Defendant lied to the military by submitting falsified invoices showing he paid suppliers fees that, in truth, he never actually incurred.

Defendant's scheme was simple. When Defendant identified a fuel order that he believed the military was likely to cancel, he intentionally underbid the cost of the fuel to win the order. And when the cancelations occurred, he claimed false ancillary fees, in several instances inflating them by more than $500,000. To support these falsehoods, Defendant created and sent at least twenty-six fake invoices to the military, relating to at least twenty-four separate fuel orders. Defendant also sent at least one falsified invoice that inflated the cost he had paid for fuel up front.

---

[1] Based on the defense's proffers, the United States does not foresee these defenses being offered for the forgery and money laundering counts. However, the arguments below apply to those counts with equal if not greater force.

During the approximately 18-month period charged in the Indictment, Defendant sent invoices to the military that inflated his expenses by more than $5 million.

Prior to Indictment, Defendant, both personally and through counsel, justified presenting fabricated invoices to the Navy and Coast Guard victims by claiming that (1) as a small business owner, he needed to augment his income to make a profit and compete with larger competitors; (2) he needed to make a profit to keep his fuel prices cheaper for the occasions when the Navy and Coast Guard did not cancel orders; and (3) his fraudulent practices were common in the industry. In addition, Defendant asserted that government officials mismanaged or were negligent because they allegedly failed to follow internal procedures, failed to effectively limit ancillary fees, and did not consistently require proof that those fees were actually incurred.

## LEGAL STANDARD

Evidence is relevant when it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. For it to be relevant, "(1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Glasser,* 773 F.2d 1553, 1559 n.4 (11th Cir. 1985) (quoting *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981)). The substantive law under which a defendant has been charged determines whether a proposition is "of consequence." *Hall*, 653 F.2d at 1005. Evidence that is not relevant is not admissible. Fed. R. Evid. 402.

The Eleventh Circuit has long recognized that evidence "based upon an invalid defense should be excluded because [it is] irrelevant as a matter of law to the charges of the indictment." *United States v. Anderson*, 872 F.2d 1508, 1516 n.12 (11th Cir. 1989); *United States v.*

*Montgomery*, 772 F.2d 733, 736 (11th Cir. 1985). "If the court determines that the defendant's proffered evidence is irrelevant or otherwise inadmissible, it should issue a ruling in *limine* precluding the introduction of that information at trial." *United States v. Baptista-Rodriguez*, 17 F. 3d 1354, 1363 (11th Cir. 1994).

## ARGUMENT

Evidence, argument, or questions suggesting that Defendant's conduct was justified or his victims were negligent should be precluded because it is irrelevant to wire fraud and only invites jury nullification.

### A. The Court Should Preclude Evidence and Argument Relating to Justifications for Defendant's Conduct.

A justification defense is reserved for truly "extraordinary circumstances." *United States v. Deleveaux*, 205 F. 3d 1292, 1298 (11th Cir. 2000). To establish the defense, Defendant must meet four elements essentially demonstrating that he committed the offense only as an unavoidable response to an immediate threat of death or serious injury, without having created the situation or having any reasonable legal alternative:

> (1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*United States v. Vereen*, 920 F. 3d 1300, 1310-11 (11th Cir. 2019); *see United States v. Milligan*, 17 F. 3d 177, 181 (6th Cir. 1994) (test applied to the wire fraud statute). The Eleventh Circuit has made clear that "'[t]he first prong requires nothing less than an *immediate emergency*.'" *Vereen*, 920 F. 3d at 1311 (quoting *United States v. Rice*, 214 F. 3d 1295, 1297 (11th Cir. 2000) (emphasis added); *see Milligan*, 17 F. 3d at 181 (defendant charged with wire fraud argued that he would not have received treatment had he not lied about his insured status).

4

Importantly, justification is not a cognizable defense where "there was a reasonable, legal alternative to violating the law." *United States v. Bailey*, 444 U.S. 394, 410 (1980). The Supreme Court has defined "reasonable, legal alternative" as "'a chance both to refuse to do the criminal act and also to avoid the threatened harm[.]'" *Id.* (citation omitted). This makes sense because justification "'does not negate a defendant's criminal state of mind,' but 'allows the defendant to 'avoid liability….'" *United States v. Vance*, Nos. 23-5766/5773, 2024 WL 4867049, at *10 (6th Cir. Nov. 22, 2024) (citing *United States v. Dixon* 548 U.S. 1, 7 (2006)) (quoting *Bailey*, 444 U.S. at 402).

Simply put, there is no basis for a justification defense here because Defendant cannot satisfy any of the legal elements. At most, Defendant's "justifications" are that he needed to profit through ancillary fees to remain competitive and to keep fuel prices down for the Navy and Coast Guard. Obviously, none of these claims constitute legal justifications for committing wire fraud and should be precluded.

### B. The Court Should Preclude Evidence and Argument that Seeks to Blame the Government Victims.

The alleged failure of victims to detect or stop a fraud is irrelevant in a wire fraud case. *See United States v. Svete*, 556 F.3d 1157, 1665 (11th Cir. 2009) ("Proof that a defendant created a scheme to deceive reasonable people is sufficient evidence that the defendant intended to deceive, but a defendant who intends to deceive the ignorant or gullible by preying on their infirmities is no less guilty. Either way, the defendant has criminal intent."). This is because the wire fraud statute focuses on the violator's state of mind, not the victim's. *See Svete*, 556 F.3d at 1665 ("A perpetrator of fraud is no less guilty of fraud because his victim is also guilty of negligence.");[2]

---

[2] Although *Svete* was a mail fraud case, the mail and wire fraud statutes "are analytically identical save for the method of execution." *United States v. Bradley*, 644 F.3d 1213, 1238 (11th Cir. 2011).

*see also United States v. Artuso*, 482 F. App'x 398, 402 (11th Cir. 2012) (mail and wire fraud statutes focus on and seek to punish the defendant's intent to obtain money or property by means of fraud or deceit). Thus, a victim's negligence or inability to detect the misrepresentations is not a defense to wire fraud, and any evidence or argument in service of that theory should be precluded from trial. *See United States v. Roopnarine*, 718 F. App'x 797, 808 (11th Cir. 2017) (citing *Svete*, 556 F.3d at 1165); *United States v. Powell*, 509 F. App'x 958, 967 (11th Cir. 2013) (holding that "the district court property excluded evidence of the [victims'] alleged negligence" because "[w]hether the [victims] . . . knew or should have known that the loan applications were fraudulent . . . has no bearing on the essential elements of [the defendant's] conduct").

Here, any claim that the Navy and Coast Guard were allegedly negligent is not relevant to Defendant's intent to defraud by submitting falsified invoices. As alleged, when bidding on fuel contracts, Defendant lied to the government by claiming that he would incur large fees if the government later cancelled or modified the orders. When the cancellations occurred, Defendant altered or fabricated invoices and other expense records to falsely represent that his business incurred large expenses that it in fact had not. Arguments that the government could have detected those misrepresentations or should have taken more care before accepting Defendant's bids do not "extinguish the scheme itself, or the defendant's initial intent to deceive." *See Mendez*, 737 F. App'x at 943.

Defendant may also try to argue that the government's negligence is relevant to whether his misrepresentations were material. But this argument also fails because proof of materiality "ensure[s] that a defendant actually intended to create a scheme to defraud," whereas a victim's negligence "has no bearing on whether a misrepresentation is material." *Svete*, 556 F.3d at 1165; *see Roopnarine*, 718 F. App'x at 807-08 (affirming trial court's exclusion of cross-examination

6

that sought to portray victim-bank as negligent for not scrutinizing mortgage applications, holding that it was "correct that negligence on the part of the bank has no bearing on whether a misrepresentation is material") (citing *Svete*, 556 F.3d at 1165). Indeed, "[a] misrepresentation is material if it has 'a *natural tendency* to influence, or is *capable* of influencing, the decision maker to whom it is addressed." *United States v. Estrepa*, 998 F.3d 898, 908 (11th Cir. 2021) (citation and quotation marks omitted) (emphasis added); *see United States v. Mendez*, 737 F. App'x 935, 942 (11th Cir. 2018) (materiality is satisfied if the defendant "*should have known* that a [person] would likely regard the statement as important") (emphasis added).

In short, as this Court has previously held, "testimony regarding what actions the [victim] could have or should have taken improperly seeks to shift the blame from [the defendant] onto [the] victims of the fraud scheme" and should be excluded. *United States v. Luis Alberto Soto*, Case No. 18-CR-20668-DMM, ECF No. 397 (Trial Transcript), at 252-53 (S.D. Fl. Aug. 22, 2019) (citing *United States v. Svete*, 556 F.3d 1157, 1665 (11th Cir. 2009)). Because these arguments improperly shift the focus from Defendant's intent to alleged misconduct by government contracting officials, the Court should preclude them.

## C. Defense Theories that Seek to Justify the Conduct or Attack the Victim Improperly Invite Jury Nullification.

Federal courts universally exclude evidence and arguments that encourage jury nullification. *See, e.g., United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("[Defendant's] jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."); *United States v. Carr*, 424 F.3d 213, 220 (2d Cir. 2005) ("[C]ategorically reject[ing] the idea that,

in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur."). As the Eleventh Circuit has held:

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998). Accordingly, a "defense counsel may not argue jury nullification during closing argument." *Trujillo*, 714 F.2d at 105-06; *accord United States v. Hall*, 188 F. App'x 922, 925 (11th Cir. 2006) ("[A] criminal defendant is not entitled to either an instruction or an argument for jury nullification.").

Based on these principles, the Court should preclude Defendant from attempting to introduce evidence or arguments that his fraud was intended to help the Navy and Coast Guard keep fuel costs down, or that worse offenders have escaped criminal liability, because they merely invite nullification. *See, e.g., United States v. Re*, 401 F.3d 828, 833 (7th Cir. 2005) ("the government's charging decisions are not proper subjects for cross-examination and argument"); *United States v. White*, No. 08-CR-0682, 2009 WL 4757485, *2 (E.D.N.Y. Dec. 4, 2009) (granting government's motion to preclude evidence relating to charging decisions of other individuals because "[t]he particular charging choices of government agents may rely upon a variety of considerations, and those decisions regarding one individual do not necessarily speak to the separate issue of another individual's guilt or innocence").

8

## CONCLUSION

For the foregoing reasons, the Court should, before trial, preclude all potential defenses identified in this motion, as well as any evidence, argument, or jury instructions suggesting that such theories constitute valid defenses to the charged offenses.

Date: November 5, 2025

Respectfully submitted,

JASON A. REDING QUIOÑES
UNITED STATES ATTORNEY

By: /s/ Elizabeth Young
ELIZABETH YOUNG
Assistant United States Attorney
Court ID No. A5501858
Elizabeth.Young@usdoj.gov
United States Attorney's Office
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (786) 761-3153

ABIGAIL SLATER
ASSISTANT ATTORNEY GENERAL
ANTITRUST DIVISION

By: /s/ Jonathan Pomeranz
Jonathan Pomeranz
Haley Pennington
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 5th St. NW
Washington, D.C. 20530
S.D. Fla. Special Bar #A5503242
(202) 316-2179
jonathan.pomeranz@usdoj.gov

9

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing document with the Clerk of the Court and served all counsel of record using CM/ECF on November 5, 2025.

/s/ Jonathan Pomeranz

Jonathan Pomeranz