UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80093-CR MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

JASEN BUTLER

    Defendant.

_____/

## RESPONSE IN OPPOSITION TO MOTION IN LIMINE TO ADMIT RULE 404(b) EVIDENCE

Jasen Butler ("Butler") through undersigned counsel files this Response in Opposition to the Government's Motion to Admit Rule 404(b) Evidence (D.E. 47). The Court ordered that Butler file an expedited Response (D.E. 49). Butler submits his Response and further states the following.

While styled as "Government's Motion in Limine to Admit <u>Potential</u> 404(b) Evidence", the evidence the Government seeks to introduce is clearly Rule 404(b) evidence. And is clearly inadmissible. The Government's motion fails to survive the Eleventh Circuit's three prong test that is determinative of the admissibility of Rule 404(b) conduct not charged in an indictment. Due to the unique circumstances of Butler's prosecution, Butler suggests that the Court defer its final admissibility decision until commencement of trial.

The Government seeks introduction of three categories of Rule 404(b) evidence:

1. Butler's 2022 and 2023 tax returns prepared by Butler's CPA, along with accounting work papers and business records the CPA used to prepare Butler's 2022 and 2023 tax return;

2. Testimony from Butler's CPA concerning his calculation of Butler's fuel sales and costs of goods sold on the 2022 and 2023 tax returns; and

3. Evidence that Butler submitted false fuel invoices to his business partners.

The Eleventh Circuit set forth the three prong test to determine admissibility of 404(b) evidence in <u>United States v. Edouard</u>, 485 F.3d 1324, 1344 (11th Cir. 2007):

1. The proposed evidence must be relevant to an issue other than the defendant's character;

2. There must be sufficient proof for a jury to find by a preponderance of evidence that the defendant committed the bad act;

3. The probative value of the evidence must not be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403.

Any application of the Rule 404(b) test initially requires an accurate identification of the defense being employed. The Government's motion attempts to define Butler's defense in a manner that would accommodate admission of the Rule 404(b) evidence. However, the Government's characterization of Butler's defense is patently inaccurate. In its section labeled "DEFENSE ARGUMENT", the Government provides the following unsupported assumptions:

> The defense will argue that Butler thought he was entitled to be reimbursed for the cost of the fuel on canceled orders in the form of an "ancillary fee," regardless of whether Butler had to pay his supplier. Butler will likely point to some language he included in his fuel bids and argue that is proof he had the impression that he would get paid by the military for ancillary fees without paying the suppliers.
>
> (D.E. 47 at 3).

Contrary to the Government's assertion, Butler did not "think" that he was entitled to be reimbursed, Butler knew that he was legally entitled to be paid the full amount of the contract that had been agreed to by the parties. Butler will not be pointing to "some language he included in his fuel bids." Butler will identify contract terms that were proposed and accepted before being merged into the final binding contract. Those accepted terms are the basis of what Butler was entitled to be paid.

Not only does the Government's Motion in Limine mischaracterize Butler's defense, the Government misstates the dispositive issues that will be before the jury in Butler's trial. The Government's claim that "this whole case turns on whether Butler knowingly defrauded the military by charging ancillary fees on canceled orders for fuel costs he had not incurred from his supplier" (D.E. 47 at 10) is simply wrong. The central issue in Butler's case is whether Butler's receipt of funds based on the explicit agreed upon terms set forth in Butler's fuel contracts constitutes wire fraud.

Equally mistaken is the Government's assertion that "Butler now claims the military was obligated to pay him for ancillary fees for cancelled fuel contracts even though he had not incurred the costs from the supplier." (Id.). Bulter has been consistent in his position that the ancillary fees owed were based on contractual terms relating to cancelled fuel contracts. Butler has already identified the basis of his consistent position as well as the Government's recognition that the then existing system allowed for Butler to legitimately contract for the payments that were received. See, Butler Responses to Government Motions in Limine (D.E. 60 and 61).

The Government's inaccurate presentation in its Rule 404(b) Motion is best personified from the following page 2 representation:

> If a government contractor like Butler wanted reimbursement for those ancillary fees from the military after cancellation, the contractor had to upload invoices or proof of payment to substantiate the costs in the online contracting system (called SEA Card). The military would review the costs and pay back the broker if substantiated.

The representation is totally inaccurate. The applicable SEA Card terms and conditions in effect at the time of the alleged offenses did not include these reimbursement proof requirements. Additionally, the Government's repeated characterizations of payments to Butler as "reimbursements" is erroneous since the payments were based on the express contract terms for cancellation and ancillary fees.

However, to make its claim that testimony from Butler's CPA and evidence from Butler's 2023 tax returns were inextricably intertwined with the allegations in the indictment, the Government's Motion in Limine inaccurately claims that Butler's contractual payment obligation is new founded. The actual facts do not support the Government's argument. The use of the term "pass along costs" relating to a 2023 tax return, without context or evidence concerning the intended meaning and application of the term, does not erase Butler's long standing and consistent position that the payments now at issue were contractually mandated.

Similarly, the Government, having recognized the frailty of its inextricably intertwined argument, claims that the CPA testimony and tax return evidence are admissible based on Rule 404(b). However, again the Government commits itself to assumptions and unsupported conclusion, rather than the required preponderance of evidence admissibility standard. The Government's 404(b) assertions ignore the irrefutable evidence that payments to Butler were contractually mandated and locked in at the time of contract execution. Once the contractual mandates are included in the calculus, the Government's "pass along costs" references are

4

essentially irrelevant and certainly insufficient to establish the required preponderance of evidence admissibility requirement.

The Government's claim that a limiting instruction will somehow allow the CPA and tax return evidence to survive a Rule 403 evaluation is misguided. While navigating the world of government contracts and terminology will require strict juror attention, occasional boredom and a learning curve, the proposed tax related testimony and evidence will inevitably become the feature of Butler's trial. That reality will result in any probative value of the proposed testimony and evidence being substantially outweighed by the prejudice created.

The Government's final Rule 404(b) assertion relates to communications between Butler and his business partners. The Government represents that a business partner will testify that he was unaware that Butler was falsely invoicing the military for fuel costs he had not incurred. The Government claims that Butler's alleged deception will show Butler's motive, intent, plan and knowledge and that Butler's "choice to defraud the military through false invoices was no accident" (D.E. 47 at 13). Once again, the Government's theory of admissibility returns to its default position of mischaracterization concerning Butler's conduct and, more importantly, mischaracterization of Butler's defense.

No case law supports a Rule 404(b) admission of non-charged conduct based upon the Government's wrong theory of a case and mischaracterization of an accused's defense. Butler submits that such an application would amount to nothing more than a prescription for propensity character evidence not sanctioned by Rule 404(b).

## **CONCLUSION**

Butler respectfully submits that given the Government's motion and the disparity between the Government and Butler concerning Butler's actual trial defense, that this Court reserve ruling

on the Government's Rule 404(b) Motion until commencement of trial. At that point the Court will be able to determine the admissibility of the proposed Rule 404(b) evidence within the overall context of the case.

Dated: November 14, 2025

| | |
|---|---|
| **GOLDBERGER WEISS, P.A.** | **BRUCE A. ZIMET, P.A.** |
| 1555 Palm Beach Lakes Boulevard | 1555 Palm Beach Lakes Boulevard |
| Suite 1400 | Suite 1400 |
| West Palm Beach, Florida 33401 | West Palm Beach, Florida 33401 |
| Tel: (561) 659-8300 | Tel: (561) 508-7741 |
| Fax: (561) 284-8938 | Fax: (954) 760-4421 |
| Email: jason@goldbergerweiss.com | Email: BAZ@BruceAZimetLaw.com |
| | |
| /s/JASON S. WEISS, ESQ. | /s/ BRUCE A. ZIMET, ESQ. |
| Florida Bar No. 0096040 | Florida Bar No. 0225053 |
| Attorney for the Defendant | Attorney for the Defendant |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 14, 2025, undersigned electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system. Undersigned certifies that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| **GOLDBERGER WEISS, P.A.** | **BRUCE A. ZIMET, P.A.** |
| 1555 Palm Beach Lakes Boulevard | 1555 Palm Beach Lakes Boulevard |
| Suite 1400 | Suite 1400 |
| West Palm Beach, Florida 33401 | West Palm Beach, Florida 33401 |
| Tel: (561) 659-8300 | Tel: (561) 508-7741 |
| Fax: (561) 284-8938 | Fax: (954) 760-4421 |
| Email: jason@goldbergerweiss.com | Email: BAZ@BruceAZimetLaw.com |
| | |
| /s/JASON S. WEISS, ESQ. | /s/ BRUCE A. ZIMET, ESQ. |
| Florida Bar No. 0096040 | Florida Bar No. 0225053 |
| Attorney for the Defendant | Attorney for the Defendant |