UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80093-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

JASEN BUTLER

            **Defendant.**
_____/

**UNITED STATES' REPLY BRIEF RE: [45] MOTION IN LIMINE TO PRECLUDE LEGALLY PROHIBITED AND FACTUALLY BASELESS DEFENSES**

    Defendant does not meaningfully dispute the legal framework set forth in the Government's Motion, which established that 1) victim blaming is not a defense to fraud because it is not relevant to the Defendant's criminal intent or the materiality of his misrepresentations, and 2) there are no facts here that could give rise to a justification defense. *See* Gov't Mot., ECF 45, at 5-7.[1] Defendant instead disclaims any intent to blame the victim and justify his conduct, while previewing arguments that do precisely that. This Court should grant the Government's motion and preclude the prohibited defenses.

    Defendant asserts, for example, that because the military asked him in "bad faith" for proof that he incurred the expenses for which he claimed reimbursement, it was not fraud when he responded with fabricated invoices to show that he paid for expenses that never existed. Response Br. at 3. This argument puts the military on trial for asking for proof of payment and is exactly the

---

[1] The Government explains in its Reply Brief Regarding the Motion to Preclude Defenses Based on the Federal Acquisition Regulation why Defendant's reliance on Justice Gorsuch's partial concurrence in the *Kousisis* case—with which the Supreme Court's majority explicitly disagreed—is misplaced. *See* Gov't Reply Re: FAR, ECF 64, at 4-5.

1

sort of blame-the-victim defense that the law prohibits. *See United States v. Svete*, 556 F.3d 1157, 1662 (11th Cir. 2009) ("[T]he object of the criminal prohibition is the intent of the malefactor, not the reasonableness of the victim.").

Moreover, even assuming *arguendo* that the military's practice of demanding proof was not permitted under the contract (it was permitted), those demands do not render Defendant incapable of committing a scheme to defraud. Indeed, Defendant's attempt to shift the blame to the military obscures the gravamen of this case: Defendant knew that the military was demanding invoices, but instead of simply refusing to provide them or filing a claim for breach of contract, he lied to the military by submitting falsified invoices. Whether the Defendant falsified invoices to get money is the focus of this trial, not whether the Government was entitled to request the invoices in the first place. *See Kousisis v. United States*, 145 S. Ct. 1382, 1394 n.5 (2025) ("[A] fraud is complete when the defendant has induced the deprivation of money or property under materially false pretenses.").

Defendant also argues that he was merely exploiting "loopholes, glitches, and vulnerabilities" inherent to the SEA Card system and that his conduct was consistent with accepted practice within the industry. Response Br. at 7. Defendant again blames the victim for allegedly creating a vulnerable system and seeks to justify his actions based on the purported conduct of others. These baseless claims are calculated to distract the jury from the relevant question of Defendant's intent and the materiality of his misrepresentations. Furthermore, the documents upon which Defendant relies for this argument are not related to the charged fraud scheme. They relate instead to the Defendant's separate scheme to have the military pay him $4.3 million for approximately $30,000 worth of fuel in 2018, years before the conduct charged in the Indictment.

*See* Def. Resp. Exs. D, F. Whether that uncharged conduct was fraud or just a clever business strategy is not at issue in this case.

For the foregoing reasons, the Government respectfully asks that the Court grant the Motion and exclude at trial (1) testimony by defense witnesses and questioning of government witnesses suggesting that the military lacked the contractual right to request invoices from Defendant; (2) defense argument blaming the military for requesting documentation of expenses; and, (3) evidence of the invoicing practices of other fuel suppliers in their dealings with the military.

Date: November 20, 2025                    Respectfully submitted,

                                                                                                                JASON A. REDING QUIÑONES
                                                                                                                UNITED STATES ATTORNEY

By:   /s/ Elizabeth Young
       ELIZABETH YOUNG
       Assistant United States Attorney
       Court ID No. A5501858
       Elizabeth.Young@usdoj.gov
       United States Attorney's Office
       99 Northeast 4th Street
       Miami, Florida 33132-2111
       Tel: (786) 761-3153

       ABIGAIL SLATER
       ASSISTANT ATTORNEY GENERAL
       ANTITRUST DIVISION

By:   /s/ Jonathan Pomeranz
       Jonathan Pomeranz
       Trevor Wilmot
       Haley Pennington
       Trial Attorneys
       U.S. Department of Justice
       Antitrust Division
       450 5th St. NW
       Washington, D.C. 20530
       S.D. Fla. Special Bar #A5503242
       (202) 316-2179
       jonathan.pomeranz@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on November 20, 2025, I filed the foregoing document with the clerk of the court using the CM/ECF system and by this means served all parties.

/s/ Jonathan Pomeranz

Jonathan Pomeranz