UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80093-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

JASEN BUTLER,

        Defendant.
_____/

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR ISSUANCE OF RULE 17C SUBPOENA TO KHI, INC. (DE80)

Jasen Butler moves to issue a subpoena pursuant to Fed. R. Crim. P. 17 for military fuel bids made by other companies on orders on which Butler did not bid and his own bids from after the time frame charged in the indictment. These subpoenas are overbroad, seek inadmissible evidence, and lack the specificity required by case law. The law does not allow a fraud defendant to cast around a month before trial into what other vendors were doing in an obvious attempt to locate distracting evidence to put in front of the jury. Because the subpoenas are improper, certainly in their present form, the Government also opposes Butler's motion for early subpoena returns.

### BACKGROUND

Relevant to this motion, Butler is charged with submitting false fuel invoices to the military between August 2022 and January 2024. Counts 1-27 charge Butler with wire fraud, in violation of 18 U.S.C. § 1343. Counts 28-33 charge Butler with forgery to obtain money from the United States, in violation of 18 U.S.C. § 495. Counts 34 and 35 charge Butler with money laundering,

1

in violation of 18 U.S.C. § 1957, for buying homes with the profits of this fraud scheme.

Butler placed bids on the fuel contracts in SEA Card—a system maintained by the company that is the recipient of the subpoena at issue: KHI, Inc ("KHI"). The Government has already produced in discovery the bid data from KHI for companies Jasen Butler used to bid on the fuel contacts (Independent Marine Oil Services, LLC ("IMOS") and then Company 1) from 2015 through January 2025. Included in this bid data are the bids made by other vendors competing against Butler.

### BID DATA BUTLER REQUESTS IN HIS PROPSOED SUBPOENA

In Request 1 of the subpoena, Butler is seeking all bid data for his company IMOS from "January 2024 until the present." According to Butler's basis, he wants this data to show his "continued good faith attempt to navigate Governmental procedures." But that bid data is: 1) outside the time frame of the charged conduct; 2) falls largely after Butler was contacted by a federal agent from the U.S. Coast Guard Investigative Service in February 2024 (screen shot with the agent below): and 3) especially unnecessary given that that Government has already produced Butler's bid data through January 2025.



According to counsel for KHI: "Responding to [Request 1] would take approximately six business days, assuming KHI dedicated four employees full-time to the project. KHI has approximately twenty-two full-time employees, so responding to this request would take up significant KHI resources and negatively impact its business operations."

In Request 2 of the subpoena, Butler is seeking all SeaCard bid data for "every other SEA Card vendor from 2022-2024." Again, the Government has already produced all bid data for Butler's SEA Card bids in this time period (including the competing bids on these orders). According to counsel for KHI: "Request 2 would be a massive undertaking that would take weeks – and unquestionably impede KHI from successfully completing its business obligations during that time. The request would require KHI to develop all new processes for collecting and compiling the data in a usable format. All told, responding to this request would require dedicating four employees, full-time, for approximately three weeks. Having to responding to this request would harm KHI's ongoing business operations and would unquestionably be unreasonable and oppressive."

The Government does not object to request 3A of the subpoena, a request for a specific bid by a different vendor on an uncharged bid outside the time frame of the indictment, because it is narrowly tailored. The Government will likely object to the introduction of any responsive documents on relevance grounds, however.

In Request 3B of the subpoena, Butler is seeking bid data for a different vendor on a Coast Guard fuel contract Butler did not bid on. Butler claims this is relevant because, according to him: "An allegation was made that [this other vendor] was submitting false claims to the DLA SEA Card program for [Coast Guard] funded fuel purchases." The vendor at issue is not charged in this

3

case and has no relationship to Butler as far as the Government knows.

## ARGUMENT

Fed. R. Crim. P. 17 governs the issuance of subpoenas in criminal cases. Under Rule 17, a subpoena must be tied to a trial or relevant court hearing. Fed. R. Crim. P. 17(a); *United States v. Noriega*, 764 F. Supp. 1480 (S.D. Fla. 1991). Although the rule allows for production of subpoenaed documents in advance of a trial, a party seeking early production must first obtain leave of court, and even then, the rule requires that the documents be produced to the court, not counsel. Fed. R. Crim. P. 17(c)(1). Rule 17(c)(2) allows the court to quash a subpoena where compliance would be unreasonable or oppressive.

Rule 17 subpoenas are not discovery devices or investigatory tools. *See, e.g., United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) ("We have emphasized that Rule 17(c) is not a discovery device") (internal citation omitted). In *United States v. Nixon*, the Supreme Court stated explicitly that one of the "fundamental characteristics of the subpoena duces tecum in criminal cases" is that "it was not intended to provide a means of discovery." 418 U.S. 683, 698, (1974); *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951) (invalidating a Rule 17(c) subpoena because it was "not intended to produce evidentiary material but [was] merely a fishing expedition to see what may turn up").

The proponent of a subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity" of the requested materials. *Nixon*, 418 U.S. at 699–700 (1974); *see also United States v. Silverman*, 745 F.2d 1386, 1387 (11th Cir. 1984) (rule only reaches "specifically identified documents that will be admissible as evidence at trial, provided that the application for the subpoena is made in good faith"). As to relevancy, there must be a "sufficient likelihood" that the

subpoenaed records are "relevant to the offenses charged in the indictment." *Nixon*, 418 U.S. at 699–700 (internal citation omitted). There must also be a "sufficient preliminary showing" that the subpoenaed material "contains evidence admissible with respect to the offenses charged in the indictment." *Id*. at 701. Moreover, the party seeking the subpoenaed documents shoulders the burden of identifying the material it expects to obtain with appropriate specificity. *See, e.g., Noriega*, 764 F. Supp. at 1493 ("If the [subpoenaing party] cannot reasonably specify the information contained or believed to be contained in the documents sought, but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused.").[1]

Rule 17 does not allow the subpoena power to be used for a speculative fishing expedition, or to harass or unfairly burden a third party. Only when a party seeks a tailored, clearly-defined set of documents that are relevant and admissible may the court allow a subpoena in a pending criminal case. Defendant's subpoenas do not come close to that standard. *See United States v. Javat,* 18-CR-20688-MIDDLEBROOKS/MCALILEY, DE 236 (quashing defendant's subpoenas to victim companies for wide-ranging financial data unrelated to their dealings with Javat, finding that: "Javat is casting a very large net, in hopes that he will gather some useful information, that amounts to, or may lead to, evidence at trial.").

First, evidence that Butler may have stopped falsifying fuel invoices to the military after the charged conduct in the indictment is hardly relevant or admissible at trial. As the Eleventh Circuit has explained, when it comes to fraud charges, "[e]vidence of good conduct is not admissible to negate criminal intent." *United States v. Ahmed*, 73 F. 4th 1363, 1384 (11th Cir.

---

[1] It is well-settled that the Government has standing to object to this subpoena. *See United States v. Esformes*, 2018 WL 3617311 *3 (S.D. Fl. 2018).

5

2023) (citation omitted).

Second, seeking bid data for other competitors on contracts Butler did not bid on is a classic fishing expedition. Butler claims he has a "good faith belief" that the bids will show that the military did not ask for proof of payment on cancelled orders. There is no reason to think this. Indeed, it is refuted by the mountain of evidence produced in discovery showing the military asking for invoices dating back to 2018. *See, e.g.,* United States's Response in Opposition to [71] Motion for Limited Production of Grand Jury Testimony, ECF 84, at 5-6 (citing sample documents).

Third, it is unclear what Butler is trying to accomplish by seeking bid data for a different vendor who he seems to think was committing the same fraud he was. Documents that suggest that another vendor also committed fraud are exactly the sort of irrelevant evidence the Rule does not allow a defendant to obtain.

Finally, counsel for KHI has represented to the United States that the subpoena, in a particular the broad requests in Request 1 and Request 2, would create a financial burden on KHI. In addition to the reasons stated above, KHI also has concerns about completing an upcoming government contract that has an expected delivery date of January 23, 2026. As described above, KHI has already produced an enormous amount of bid data that has been shared with the Defense. There is no reason to burden KHI with still broader requests for evidence when it is difficult if not impossible to understand how that evidence could be relevant to the charged offenses.

## **CONCLUSION**

For these reasons, the Court should deny Butler's motion to issue a Rule 17(c) subpoena to KHI for early production on December 31, except to the extent that he seeks to subpoena bid data related to SEA Card Order 60559 as requested in 3A of his subpoena.

Date: December 23, 2025							Respectfully submitted,

											JASON A. REDING QUIÑONES
											UNITED STATES ATTORNEY

						By:	/s/	Elizabeth Young
											ELIZABETH YOUNG
											Assistant United States Attorney
											Court ID No. A5501858
											Elizabeth.Young@usdoj.gov
											United States Attorney's Office
											99 Northeast 4th Street
											Miami, Florida 33132-2111
											Tel: (786) 761-3153

						By:	/s/ Jonathan Pomeranz
											JONATHAN POMERANZ
											EBONIE BRANCH
											Trial Attorneys
											United States Department of Justice
											Antitrust Division
											450 5th St. NW
											Washington, D.C. 20530
											S.D. Fla. Special Bar #A5503242
											(202) 316-2179
											jonathan.pomeranz@usdoj.gov

**CERTIFICATE OF SERVICE AND CONFERRAL**

The parties conferred on this subpoena and were unable to reach an agreement.

											/s/ Elizabeth Young
											Assistant United States Attorney

7