UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80093-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

JASEN BUTLER,

        Defendant.
_____/

### GOVERNMENT'S REPLY TO MOTION IN LIMINE TO EXCLUDE DEFENDANT'S STATEMENTS UNDER FRE 106 AND HEARSAY RULES OR, ALTERNATIVELY, COMPEL DEFENDANT'S PROPOSED RECORDING CLIPS

Jasen Butler opposes the Government's Motion in Limine to exclude specific portions of his *Kastigar*-recorded statements under FRE 106 and hearsay rules. DE87.

First, Butler provides little in the way of argument as to why he should not be required to identify the recording clips he will seek to admit if the United States admits the four recorded admissions cited in its motion. Butler claims the Government's request is "no more than an attempt to learn prior to trial the strategy that Butler will employ should any of his statements from his preindictment interview be successfully introduced into evidence by the Government." DE87:4. Given that the interview was recorded and the Government has clearly identified its transcript citations with the relevant admissions, there is no great mystery as to what Butler's "strategy" will be – he will try to play as many of the self-serving statements as he can to distract the jury from the fact that he confessed in the recording to submitting false invoices to the military on canceled fuel orders (likely by telling the Court he wants to play the full recording).

1

In fact, in *United States v. Macrina*, 109 F.4th 1341, 1348 (11th Cir. 2024), cited in the Government's motion, the Eleventh Circuit rejected just this sort of wait and see approach to FRE 106. The Court explained that it did "no violence to criminal defendants' constitutional rights by applying Rule 106 as written and requiring that a defendant demonstrate with particularity the unfairness in the selective admission of his post-arrest statement." *Id*. (*quoting United States v. Branch*, 91 F.3d 699, 727-29 (5th Cir. 1996)). As the Court found:

> The text of Rule 106 requires the opposing party to introduce "any other part" of a writing or recording that should be considered for fairness. FED. R. EVID. 106. The rule does not provide that a party may invoke the rule and never specify the parts he wishes to admit. And the specificity requirement correctly places the burden of production on the party seeking to introduce the evidence.

*Id*. at 1348-49.

The Eleventh Circuit noted that if the court allowed "general objections to suffice under Rule 106, the district court would have to review the entire writing or recording and determine if certain portions were needed for fairness." *Id*. at 1349. In *Macrina*, as is the case here, "the district court would have had to review the entire 1-hour- and-45-minute-long recording carefully and identify portions that might be admissible under Rule 106." *Id*. The Eleventh Circuit concluded that the "party seeking to benefit from Rule 106 is already familiar with the evidence and is better positioned to identify additional portions that should be admitted for fairness." *Id*. While it is true that Butler has not yet contradicted his *Kastigar* statements through argument or evidence, it is hard to imagine how he will not. Further, the Government has already identified that transcript portions it will seek to admit under the *Kastigar* if contradicted, putting Butler in a position of being able to identify with particularity the portions of the transcripts he will then try to introduce under FRE 106.

2

In another example, in a trial with a number of recording clips that implicated potential objections, Judge Scola granted the Government's motion to compel defense objections to the recordings in advance of trial. *See United States v. Esformes,* 16-CR-20549-RNS, DE1023 ("Defendants Esformes and Barcha shall identify to the Government those portions of the June 2015 recordings which they deem inadmissible not later than January 17, 2019"). Judge Scola's ruling allowed the recordings to be admitted in trial in an orderly fashion without extensive back and forth after the jury had been empaneled. The Court should do the same here, at a minimum.

Second, Butler claims it "appears that the Government is unaware that FRE 106 had been amended." DE87:4. Not so. On page 12 of the motion, the Government specifically set out the case law on when a statement can "be admissible notwithstanding the hearsay rules" as a matter of "fairness" under FRE 106. It has been the caselaw in the Eleventh Circuit, even before the amendment Butler references, that a defendant cannot generally admit his own statement under hearsay rules. The defendant can admit his own statement under FRE 106, however, if he can show it would prevent "misunderstanding or distortion" of a passage in isolation. *United States v. Santos*, 947 F.3d 711, 729 (11th Cir. 2020). The Eleventh Circuit has interpreted the meaning of "fairness" in FRE 106 narrowly. *See Macrina*, at 1348 (11th Cir. 2024) ("[it] permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced.")

For example, Judge Cannon recently allowed the Government to introduce one passage on the first page of a multi-page letter penned by attempted assassin Ryan Wesley Routh and found that Routh could not in turn admit the entirety of his letter. Judge Cannon held that there did not appear to be "anything in the balance of the letter whose introduction seems necessary to explain

3

the context of the first page." *United States v. Routh*, 24-CR-80116-AMC, DE252:4; *id*. (holding that "remainder of the letter is presumptively inadmissible hearsay and may be introduced only upon a sufficient and timely justification by Defendant" under FRE 106).

Here, Butler is generally barred by hearsay rules from introducing portions of his recorded statement even if the Government is entitled to play certain portions under the terms of the *Kastigar*. Should Butler seek to introduce additional portions of the recording under FRE 106, he must be compelled to identify particularized portions of his statement in advance of trial.

Date: December 30, 2025

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   /s/   Elizabeth Young
ELIZABETH YOUNG
Assistant United States Attorney
Court ID No. A5501858
Elizabeth.Young@usdoj.gov
United States Attorney's Office
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (786) 761-3153

By:   */s/ Jonathan Pomeranz*
JONATHAN POMERANZ
EBONIE BRANCH
Trial Attorneys
United States Department of Justice
Antitrust Division
450 5th St. NW
Washington, D.C. 20530
S.D. Fla. Special Bar #A5503242
(202) 316-2179
jonathan.pomeranz@usdoj.gov