UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80093-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASEN BUTLER,

    Defendant.
_____/

## ORDER ON GOVERNMENT'S MOTION IN LIMINE

THIS CAUSE is before the Court upon the Government's Motion in Limine to Exclude Defendant's Statements Under FRE 106 and Hearsay Rules, or Alternatively, Compel Defendant's Proposed Recording Clips, filed on December 15, 2025. (DE 77). Defendant filed his Response on December 23, 2025 (DE 87), and the Government filed its Reply on December 30, 2025 (DE 90). For the following reasons, the Motion is denied.

Defendant Jasen Butler is charged with defrauding the United States military by overcharging the Coast Guard and Navy for expenses called "ancillary fees" associated with fuel order changes and cancellations. Defendant brokered transactions with the Navy and Coast Guard to supply fuel to the military through his company, Independent Marine Oil Services, LLC ("IMOS").

In July 2024, the Defendant sat for an audio and visually recorded interview with his counsel after signing a *Kastigar* letter. The Government and the Defendant have agreed that if the defense contradicts through argument or evidence certain key admissions made in Defendant's *Kastigar*-protected recorded interview, the Government may introduce several recorded statements. (DE 77 at 1). The instant Motion pushes back against Defendant's contention that he

can then introduce other portions of his recorded interview under the rule of "completeness." The Government specifically requests that the following "self-serving" recorded statements cannot be introduced by Defendant at trial under FRE 106 or hearsay rules:

> 1) "Industry standard" dictated that the military "shouldn't" ask Butler for fuel invoices to support reimbursement requests on canceled orders
> 2) The military contracting officers wanted more competition for the fuel bids and that is why Butler started bidding under the name Adam Ogden at Company
> 3) Butler will "happily" only break even on a military fuel order because he likes military vessels so much
> 4) Butler could not have competed against other fuel suppliers with more competitive fuel prices without fabricating cancellation costs

(DE 77 at 2).

Meanwhile, the Defendant's response is twofold. First, Defendant argues that a ruling on this issue would be premature. Specifically, Defendant notes that none of the paragraph 4(a) conditions that would allow for the Government's successful introduction of Defendant's preindictment interview (impeachment of Defendant's trial testimony, rebutting evidence or argument offered on Defendant's behalf) have yet occurred. Defendant consequently argues that the Government's contention that it is hard to see how the defense will pursue this case without running afoul of the conditions "is not a substitute for actual facts essential for a Court's determination permitting the Government's introduction of statements made during Butler's preindictment interview." (DE 87 at 2, 3).

I cannot predict how the Parties will choose to prosecute their respective theories. Without a manifest intention to contradict the statements made in the recorded interview, there is no meaningful basis for me to rule on the Government's speculative Motion. The facts necessary to render a decision on these issues are available only at the time of trial, once and only if the

Defendant has elicited testimony or proffered evidence that attempts to contradict the recorded interview. I am doubtful that dealing with these objections as they arise, as the Government suggests, would amount to a lengthy pause requiring me to review the two-hour recording. (DE 77 at 1, 2).

## CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that the Government's Motion in Limine to Exclude Defendant's Statements Under FRE 106 and Hearsay Rules, or Alternatively, Compel Defendant's Proposed Recording Clips (DE 77) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 7th day of January, 2026.

_____
Donald M. Middlebrooks
United States District Judge