UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  25-80093-CR MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

JASEN BUTLER

Defendant.

_____/

## JASEN BUTLER'S RULE 32.2(d) MOTION TO STAY FORFEITURE OF THE FLORIDA PROPERTY PENDING APPEAL

Jasen Butler ("Butler) through undersigned counsel moves this Honorable Court, pursuant to Fed.R.Crim.P. 32.2(d) for an order staying forfeiture of the Palm City, Florida property pending appeal.

## INTRODUCTION

Butler was charged in a 35-count Indictment with three categories of offenses. Counts 1-27 alleged individual counts of wire fraud in violation of 18 U.S.C §1343 and Counts 28-33 alleged individual counts of forgery in violation of 18 U.S.C. §495. Counts 34 and 35 alleged money laundering in violation of 18 U.S.C. §1957(a).

The description of the monetary transaction for Count 34 specified a wire transfer for the purchase of real property located at 5051 Markel Street, Palm City, Florida 34990 ("Palm City, Florida property"). The description of the monetary transaction for Count 35 specified a wire transfer for the purchase of real property located at 190 County Road 173, Westcliffe, Colorado 81252 ("Colorado property"). (D.E. 1 at 12).

The Indictment, in paragraph 5 of the forfeiture allegations, alleged that the property subject to forfeiture included, but was not limited to:

    i. Real property located at 190 County Road 173. Westcliffe, Colorado 81252;

    ii. Real Property located at 5051 SW Markel Street, Palm City, Florida 34990; and

    iii. A forfeiture money judgment representing the value of any property which constitutes or is derived from the proceeds traceable to the defendant's commission of the offenses (D.E. 1 at 13)[1].

On January 15, 2026, the jury returned its verdict finding Butler guilty on Counts 1-33 and Count 35. Butler was found not guilty of Count 34.

The Government filed its Motion for Preliminary Order of Forfeiture on March 26, 2026 (D.E. 145). Butler filed his Response in Opposition on April 6, 2026 (D.E. 151).

On April 6, 2026, the Court entered an Order Granting the Government's Motion for Preliminary Order of Forfeiture (D.E. 150). At sentencing on April 8, 2026, the Court ordered the forfeiture of Butler's right, title and interest in certain property consistent with the Preliminary Order of Forfeiture entered on April 6, 2026 (D.E. 158).

Butler filed his Notice of Appeal on April 16, 2026 (D.E. 161) and the Eleventh Circuit Court of Appeals docketed the criminal appeal on April 17, 2026 (CA11 Case No. 26-11269).

After conferring with the Government, Butler does not seek a stay as to the Colorado property. His position should not be construed as a waiver of any appellate arguments regarding its forfeiture. Rather, Butler's request is narrowly focused on preserving the Palm City, Florida property for the reasons set forth below. The Colorado property, preliminarily valued in excess of $2 million, remains available to the Government, and Butler has cooperated by voluntarily providing full access, including entrance codes. Limiting the stay to the Palm City, Florida property appropriately balances the parties' interests while preserving Butler's appellate rights.

---

[1] The forfeiture money judgment amount was determined to be $4,528,827.71.

## APPLICABLE STANDARD

Motions to stay forfeitures are governed by Rule 32.2(d) of the Federal Rules of Criminal Procedure. That rule permits the Court to stay an order of forfeiture pending appeal "on terms appropriate to ensure that the property remains available pending appellate review." Fed.R.Crim.P. 32.2(d). "The purpose of the provision is to ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." Fed.R.Crim.P. 32.2(d) advisory committee's note to 2000 adoption.

Courts have generally examined the following four factors to determine whether a forfeiture order should be stayed: (1) the likelihood of success on appeal; (2) whether the forfeited asset is likely to depreciate over time; (3) the forfeited asset's intrinsic value to the defendant (i.e., the availability of substitutes); and (4) the expense of maintaining the forfeited property. *See United States v. Ngari*, 559 Fed.Appx. 259, 272 (5th Cir. 2014).

## ANALYSIS

### I.      Likelihood of Success

Mr. Butler's appeal raises substantial questions that go directly to the legal sufficiency of the forfeiture order – namely, whether the Government established that the property at issue constitutes proceeds obtained *by means of* fraud and whether the required causal nexus exists.

The Government's forfeiture theory rests on the premise that any difference between the amounts paid by the Government and underlying supplier invoices constitutes "proceeds of fraud." As raised in Butler's forfeiture opposition, that premise assumes, rather than proves, that the Government was only obligated to reimburse supplier costs, disregarding the governing firm fixed-price contractual framework.

3

The issues presented on appeal directly undermine that premise. Butler challenges the exclusion of evidence and expert testimony concerning the Federal Acquisition Regulation and the fixed-price nature of the contracts, as well as related limitations on cross-examination and the absence of requested jury instructions on applicable contract law. Those rulings prevented the jury from considering whether the Government's payment obligations arose at contract formation, rather than from the later-submitted invoices.

That distinction is material to forfeiture. Even where false statements are established, forfeiture requires proof that the property was actually obtained *by means of* those statements. As reflected in Butler's supplemental authority, the Government must establish a causal link between the alleged misrepresentations and the payments themselves, not merely that the statements had the capacity to influence a decision.

If the payments were contractually owed irrespective of the challenged invoices, they do not constitute proceeds of fraud. In that circumstance, tracing methodologies cannot supply the missing element of forfeiture, as tracing addresses disposition of funds, not whether the funds were forfeitable in the first instance. The same appellate issues also bear directly on the forfeiture amount. The Government's money judgment mirrors its loss theory. If the contractual framework governs, as Butler contends, then the amount of any forfeitable proceeds is substantially less than the figure adopted by the Court.

Because the appeal challenges whether any proceeds were proven, whether the required nexus exists, and whether the forfeiture amount is legally supportable, it presents substantial questions that could result in the vacating or significant reduction of the forfeiture order. This factor weighs in favor of a stay.

## II.     Likelihood of Depreciation Over Time

This factor weighs in favor of a stay because the Palm City, Florida property is not a depreciating asset. To the contrary, it is likely to appreciate in value during the pendency of the appeal.

The subject property is residential real estate located in Palm City, Florida, part of the broader South Florida market, which has demonstrated sustained appreciation over time, driven by continued population growth, limited inventory, and strong demand. Unlike perishable or rapidly depreciating assets, residential real estate in this region has historically maintained or increased its value, even over relatively short time horizons.

In addition, as reflected in the real estate market analysis submitted as Exhibit "A", current data and forward-looking projections indicate continued upward pressure on property values in the Palm City and surrounding Treasure Coast markets. That analysis supports the conclusion that the subject property is more likely to appreciate than decline during the appellate period.

Because the purpose of Rule 32.2(d) is to preserve the value of the property pending appeal, a stay is particularly appropriate where, as here, the asset is stable or appreciating. There is no risk that maintaining the status quo will diminish the value of the property. If anything, a stay will preserve, or increase, the value available to either party depending on the outcome of the appeal. In these circumstances, the Government suffers no prejudice from a stay, as the value of the asset securing any potential forfeiture will be maintained or enhanced during the appellate process.

Accordingly, this factor weighs in favor of granting a stay.

## III.     Intrinsic Value

This factor weighs strongly in favor of a stay because the Palm City, Florida property has unique, non-fungible value that cannot be replaced through monetary compensation.

The property is not merely a financial asset, it serves as the operational base for two ongoing community-oriented endeavors: Cavalcade Stables, a working equestrian boarding and training business, and Freedom Reins Veterans Equine Program, a developing nonprofit that provides horsemanship experiences and vocational opportunities to veterans, first responders, and their families. Both programs are physically based at the Palm City, Florida property and depend on its specific layout, facilities, and land use for their continued operation.

As reflected in the submission of Butler's long-time partner, Tara Jacobs[2], the property supports a functioning business serving dozens of students across a wide age range, as well as a charitable initiative involving rescue animals and community outreach. The property is uniquely suited for these uses, including the housing, care, and training of horses, features that cannot be readily duplicated or relocated without significant disruption, cost, and loss of goodwill.

Courts evaluating this factor consider whether the property has value to the defendant beyond its market price and whether substitute assets could serve the same function. Here, they cannot. The forced forfeiture or transfer of the property during the pendency of the appeal would effectively dismantle both the business and the charitable program operating on-site. That loss would be immediate and irreparable, regardless of the ultimate outcome on appeal.

By contrast, maintaining the status quo imposes no comparable burden on the Government. The property will remain intact, preserved, and available to satisfy any forfeiture judgment if affirmed. Under these circumstances, the intrinsic value of the Palm City, Florida property weighs heavily in favor of a stay.

---

[2] Ms. Jacobs has also filed a Verified Ancillary Petition for Hearing related to the Palm City property which is pending before this Court. (D.E. 176).

**IV.** **Expense of Maintaining the Property**

This factor also weighs in favor of a stay because the Palm City, Florida property can be maintained without burden to the Government.

As reflected in the attached Exhibit "B", Butler (and now Ms. Jacobs) have consistently paid the expenses necessary to maintain the property, including costs associated with its upkeep, operation, and preservation. Those expenditures demonstrate both the ability and the established practice of maintaining the property in good condition. The record thus reflects that the property will remain properly maintained pending appeal without the need for Government intervention.

In addition, the continued operation of Cavalcade Stables and the Freedom Reins Veterans Equine Program on the property provides a strong, ongoing incentive to preserve and enhance its value. As described in the record, these activities are not passive uses, they require active maintenance of the land, facilities, and improvements, including care of the animals, upkeep of structures, and general property management.

Tara Jacobs' continued operation of these programs ensures that the property will not only be maintained, but actively improved. The business generates revenue and provides the practical means to cover routine expenses, while the nature of the operations necessitates regular investment in the property's condition. This combination of financial ability and operational necessity provides assurance that the property will be preserved, and its value protected, during the pendency of the appeal.

Accordingly, there is no risk that the property will deteriorate or impose maintenance costs on the Government. This factor weighs in favor of granting a stay.

## **CONCLUSION**

A stay under Rule 32.2(d) is warranted where, as here, it preserves the status quo without prejudicing the Government and protects against irreparable harm pending appellate review.

Mr. Butler's appeal raises substantial questions that go directly to the legal and factual foundation of the forfeiture order, including whether any forfeitable proceeds were proven and whether the required nexus exists. The Palm City, Florida property is a stable, appreciating asset that will be preserved, and likely enhanced, during the appellate process. It also has unique, non-fungible value as the operational base of an active business and charitable program that cannot be replicated elsewhere. Finally, the property will be maintained at no expense to the Government, as demonstrated by Butler's established payment of expenses and the ongoing operations conducted on the property.

At the same time, the Government suffers no prejudice from a stay. The property will remain intact, accessible, and available to satisfy any forfeiture judgment if affirmed, and Butler has further limited his request by not seeking a stay as to the Colorado property.

Under these circumstances, the balance of equities weighs decisively in favor of preserving the Palm City, Florida property pending appeal. Accordingly, Butler respectfully requests that the Court enter an order staying forfeiture of the Palm City, Florida property pursuant to Rule 32.2(d) on such terms as the Court deems appropriate.

The Government objects to Butler's Motion and will file a response.

 Dated: May 29, 2026

/s/JASON S. WEISS, ESQ.                                    /s/ BRUCE A. ZIMET, ESQ.
Florida Bar No. 0096040                                        Florida Bar No. 0225053
Attorney for the Defendant                                   Attorney for the Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 29, 2026, undersigned electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system. Undersigned certifies that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| **GOLDBERGER WEISS, P.A.** | **BRUCE A. ZIMET, P.A.** |
| 1555 Palm Beach Lakes Boulevard | 1555 Palm Beach Lakes Boulevard |
| Suite 1400 | Suite 1400 |
| West Palm Beach, Florida 33401 | West Palm Beach, Florida 33401 |
| Tel: (561) 659-8300 | Tel: (561) 508-7741 |
| Fax: (561) 284-8938 | Fax: (954) 760-4421 |
| Email: jason@goldbergerweiss.com | Email: baz@bruceazimetlaw.com |
| | |
| /s/JASON S. WEISS, ESQ. | /s/ BRUCE A. ZIMET, ESQ. |
| Florida Bar No. 0096040 | Florida Bar No. 0225053 |
| Attorney for the Defendant | Attorney for the Defendant |